### A. M. SHANNON V. DELIA AND Z. T. JONES.
#### No. 2814.

1. **Malice and Probable Cause.**—The following definitions approved: "Malice means wickedness of purpose, or a spiteful or malevolent design against another, or a purpose to injure another, or a design of doing mischief, or any evil design, or an inclination to do a bad thing, or a reckless disregard of the rights of others, or an intent to do an injury to another, or absence of legal excuse, or any other motive than that of bringing a party to justice. Probable cause means a reasonable ground of suspicion, supported by facts and circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."

2. **Verdict.**—Suit by husband and wife for malicious prosecution against the wife. The charge submitted the facts necessary to their case upon finding which the jury should find for the plaintiffs. The verdict was for the *plaintiff*. Judgment was rendered upon the verdict for the plaintiffs. *Held*, not to be error.

3. **Malice and Probable Cause.**—That the question of malice is one of fact, and the existence or nonexistence of probable cause one of law and fact, are rules as old as the action out of which they grew.

4. **Probable Cause.**—See facts *held* sufficient to show want of probable cause for charging a party with theft.

5. **Affidavit.**—The party making the affidavit charging an offense is responsible for the proceedings legally following such complaint.

6. **Arrest.**—Actual contact is not necessary to constitute an arrest. An arrest was made when the officer read the warrant to the accused and demanded bail or her person. She gave bail.

7. **Pleading.**—The petition alleged that she "by reason of the premises had suffered great anxiety and pain of body and mind," etc., and that she "suffered great mental pain caused by the acts of defendant." No special exceptions were urged, nor objections to testimony to such suffering. *Held*, proper to submit to the jury mental pain as basis for damages.

8. **Advice of Counsel.**—That advice of counsel was taken before making complaint against one charged with an offense will not be a justification of itself; it may be taken by the jury with the circumstances upon question of probable cause for making the complaint.

9. **Malice—Charge.**—That the charge upon the effect of taking advice of counsel applied such consultation to the question of malice instead of probable cause is no ground for reversal.

10. **Advice of Counsel.** — Where defendant in an action for malicious prosecu-

tion, in attempting to justify by showing that he took advice of counsel also shows that such advice was not followed by him, he can not complain that the jury did not hold such advice as evidence of probable cause.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Davidson & Minor* and *W. B. Denson,* for appellant. — 1. The court failed to give to the jury in the charge proper definitions of malice and probable cause as applied to cases of malicious prosecutions, those given being misleading, vague, and indefinite. 2 Greenl. Ev., 4 ed., pp. 33, 453, 454.

2. The judgment must follow the verdict, and can not be sustained if not responsive to it. A verdict in favor of one plaintiff can not be the basis of a judgment in favor of two plaintiffs. Rev. Stats., arts. 1327, 1329, 1335.

3. The court erred in refusing to grant to appellant a new trial upon his motion therefor, for the following reasons, viz.:

(1) The verdict of the jury was unsupported by the evidence, in that the evidence failed to show malice or want of probable cause in the prosecution by the defendant of Delia Jones.

(2) Probable cause for making the affidavit was shown by the testimony of two witnesses, besides appellant's own testimony, all of whom saw the turkeys in appellant's yard; and as there was no pretense of impeaching or discrediting this testimony, it stood a fact proved and could not be disregarded, and showed an honest belief on Shannon's part of the guilt of Delia Jones of the offense charged against her in the affidavit. Malice may be inferred from a want of probable cause, but that must be where the facts can not be reached by the evidence and in extreme cases; otherwise malice would always be presumed where there was a want of probable cause, and need not be stated as a necessary element in the proof of malicious prosecution. Stansell & Younger v. Cleveland, 64 Texas, 660; Griffin v. Chubb, 7 Texas, 603.

4. The affidavit in malicious prosecutions is not the gravamen of the offense or the cause of action. The cause of action in malicious prosecutions consists in the injury sustained by the arrest and confinement under the charge, and where there is no arrest there is no injury. 2 Add. on Torts, sec. 863; Cool. on Torts., 187, 189, 214; Pinson v. Kirsh, 46 Texas, 28; Haldeman v. Chambers, 19 Texas, 525; Usher v. Skidmore, 28 Texas, 617; 1 Am. Lead. Cases, 261; Smith v. Adams, 27 Texas, 29, 30; Ray v. Law, 1 Pet., 207; Johnson v. King, 64 Texas, 226; Kramer v. Stock, 10 Watts, 115; Meyer v. Walter, 64 Pa. St., 283; Potts v. Imlay, 4 N. J. Law, 377; 21 Am. Law Reg., N. S., 287–90; Code Crim. Proc., art. 253.

5.　The court erred in instructing the jury that they could estimate as actual damages sickness or increased sickness, if any, and distress of mind, there having been no allegation or legal proof of any such damages.

6.　One who advises with counsel and in good faith follows his advice in the prosecution of another can not be guilty of malicious prosecution in following such advice thus obtained, and it requires no other circumstances to demonstrate the absence of malice.　Griffin v. Chubb, 7 Texas, 609; 2 Greenl. Ev., sec. 459; 3 Suth. on Dam., 708; Stanton v. Hart, 27 Mich., 539; 62 Ill., 107; 66 Barb., 143; 68 Me., 556.

*Howard Finley* and *Walter C. Wilson,* for appellees.—1.　The charge of the court defines both probable cause and malice, and properly submits the issues of probable cause and malice or not to the jury; and it does not appear that appellant either excepted to it, or asked additional instructions thereon.　Landa v. Obert, 45 Texas, 543; Ramsey v. Arrott, 64 Texas, 323; Culbertson v. Cabeen, 29 Texas, 256; Woodward v. Mills, 61 Wis., 62; Railway v. James, 73 Texas, 12; Powell v. Haley, 28 Texas, 55.

2.　The verdict of the jury is responsive to the pleadings and charge of the court, and the judgment follows the verdict.　Rev. Stats., art. 3138, subdiv. 4; Pearce v. Bell, 21 Texas, 688; Cook v. Garza, 9 Texas, 360.

3.　Want of probable cause.　Landa v. Obert, 45 Texas, 544; Ramsey v. Arrott, 64 Texas, 323; Heldt v. Webster, 60 Texas, 208; Jacobs, Bernheim & Co. v. Crum, 62 Texas, 401; Culbertson v. Cabeen, 29 Texas, 247; Abb. Trial Ev., 653; 2 Add. on Torts., secs. 880, 853; 4 Wait's Act. and Def., 343; 2 Greenl. Ev., secs. 454, 456.

Malice.　Gabel v. Weisensee, 49 Texas, 131; Carothers v. McIlhenny, 63 Texas, 141; Ramsey v. Arrott, 64 Texas, 320; Jacobs, Bernheim & Crum, 62 Texas, 401; Culbertson v. Cabeen, 29 Texas, 247; Watt v. Carey, 76 Me., 87; 24 Am. Law Reg., 78; 2 Greenl. Ev., sec. 453; 4 Wait's Act. and Def., 345, 347; Abb. Trial Ev., 653.

Prosecutor's evidence as to motive incompetent and irrelevant.　Gabel v. Weisensee, 49 Texas, 142; Miller v. Jannett, 63 Texas, 82.

Appellant liable.　Railway v. Donahoe, 56 Texas, 162; Carothers v. McIlhenny, 63 Texas, 147; Record v. Railway, 15 Nev., 167; Mora. Priv. Corp., secs. 341, 342; Pierce on Rys., 273, note 4.

4.　The questions whether or not there was probable cause, and whether or not there was malice, are to be determined solely upon what was done, and not upon what was asserted by the prosecutor to have been his motive.　Motive is to be ascertained by a consideration of acts done, and all other evidence of its character is irrelevant and incompetent.　The court properly submitted to the jury the question as to what constitutes malicious prosecution and the measure of damages.　Gabel v. Weisensee, 49 Texas, 142; Miller v. Jannett, 63 Texas, 82.

5.   It is no defense *per se* to the prosecution whether it was instituted upon the advice of counsel, whether already familiar with the facts or acquiring them from the prosecutor.   Jacobs, Bernheim & Co. v. Crum, 62 Texas, 401; Ramsey v. Arrott, 64 Texas, 324.

HOBBY, JUDGE.—Appellee Delia Jones, joined by her husband, sued appellant for an alleged malicious prosecution instituted by him against her on November 7, 1887.

The cause of action is alleged to have consisted in the arrest of the said Delia Jones, brought about by an affidavit or complaint made on the day stated by A. M. Shannon, before S. T. Fontaine, recorder of the city of Galveston, charging her with theft of property under the value of $20, all of which was charged to have been done by appellant with malice and without probable cause.   It was alleged that appellee was required to appear before the recorder and give bond to await the action of the grand jury of Galveston County, which body, upon a hearing of said charge, found it to be false and refused to find a bill, and said prosecution there ended.

In addition to allegations of injury to plaintiff in her credit and reputation, etc., it was also averred that she suffered great anxiety and pain of mind and body, and had been forced and obliged to lay out and expend $100 in procuring her discharge, etc., and had by reason of the premises been prevented from following her lawful business, and had otherwise been actually damaged in her credit and circumstances, etc., laying her actual damages at $2500.

There was a general demurrer and denial and special denial filed by the defendant to the effect that whatever he did in the matter referred to in the petition was without malice, and with probable cause for believing the same to be true.

A trial by jury in November, 1889, resulted in a verdict for the plaintiff for $125 actual damages, for which judgment was entered in favor of plaintiffs.   This is appealed from upon the following errors properly assigned:

The first consists of a criticism upon the court's definition of malice. It has been said by an eminent text writer, in substance, that "few words within the range of criminal law have been used in such various and conflicting senses as the term malice."   Steph. Crim. Law, p. 81, cited in Towns. on Sland. and Lib., p. 128, note 1.

The definition of this term complained is sufficiently comprehensive. It is as follows:   "Malice means wickedness of purpose, or a spiteful or malevolent design against another, a purpose to injure another, a design of doing mischief, or any evil design or inclination to do a bad thing, or a reckless disregard of the rights of others, or an intent to do an injury

to another, or absence of legal excuse, or any other motive than that of bringing a party to justice."

The foregoing, although not identical in its phraseology with numerous definitions contained in Townshend on Libel and Slander, page 128, *et seq.*, embraces substantially several there given. Of that given by the court of probable cause, it is enough to say that it is in entire accord with the familiar formula of Mr. Justice Washington in Mimms v. Dupont, 3 Wash. C. C., and adopted in a great number of cases on this subject since. Landa v. Obert, 45 Texas, 544.

There is no merit in the second and third assignments and the propositions thereunder, complaining that the verdict is not responsive to the pleadings and does not support the judgment. Two plaintiffs, the husband and wife, are named in the petition. The wife is the real plaintiff, being formally joined by her husband. The verdict is for the plaintiff; the judgment is in favor of the plaintiffs. There can be no sort of doubt that a reference to the petition (which could be made to aid the verdict) showed that the verdict was intended for the plaintiffs. As in this character of suit the husband is required to join the wife, any verdict against the defendant is necessarily in favor of both plaintiffs.

The substance of the fifth assignment is that "the verdict is not supported by the evidence, because it failed to show malice and want of probable cause in the prosecution of appellee, and because probable cause was shown by the testimony of two witnesses besides appellant, all of whom saw the turkeys in appellee's yard, which was not contradicted."

A review of the facts proved in the case is indispensable to a proper appreciation of the force of this assignment.

The testimony in behalf of the appellant was that he "had in his yard at home a dozen unusually fine and singularly marked gobblers—very large, white and black, and glossy. Appellees lived adjoining, just across the alley. On returning home one evening one of his servants informed him that some of his turkeys had gone over into appellees' yard. He sent his servant Amzy Harrell over after the turkeys the next day, and he reported back that Mrs. Jones said they were not there."

Appellant then went over himself, "knocked at the door of Mrs. Jones' house, which was opened by a white woman who said Mrs. Jones was sick in bed. She spoke to me. I told her my turkeys had flown over in her yard and I had come to get them. She said she had only two turkeys, which had been sent to her by express. I asked her who sent them, and she replied that she did not know, that they were frequently sent to her by express by her mother and others. She could not give the name of the drayman who she said had brought them to her. I told her that was too thin, and she had better send my turkeys home. It was then about dusk."

On the following day appellant met an attorney at law in whom he

had confidence, stated the case to him fully, and asked his advice as to what he should do. He advised that appellant send an officer out and have him get the turkeys, or to have Mrs. Jones arrested if he did not get them. Appellant went to each of the express companies and found appellees had received no turkeys by express. Appellant also made full statement of the case to the city recorder before he made the affidavit, and he gave the same advice as that given by counsel he had consulted. Appellant had never known Mrs. Jones before, and stated under oath that he had no malice against her.

Appellant stated that he saw the turkeys at Mrs. Jones' yard the evening he was told about them. They were running about the yard. He could not swear positively that they were his, but to the best of his knowledge and belief they were.

Appellee Mrs. Jones testified that " on November 16, 1887, appellant came to her door. She was then quite sick; confined to her bed. Mrs. Bexar opened the door. He said he came to see if we had any of his turkeys in our yard. I told him I had only two turkeys of my own; they were in a coop in the yard and he could go and look at them. He went away; never saw him again. Was arrested the next day by a policeman, who came to the house with a warrant charging me with stealing the turkeys. He read it to me while I was sick in bed." Witness then describes at length the effect upon her mentally and physically of the shock. "' The officer told me he wanted me or a bond, and if I did not give bond he would haul me to jail. I told him to see my husband, who was working for Lammers & Flint."

As to what transpired at appellee's house, and the conversation there had between appellant and appellee, this testimony was corroborated by Mrs. Bexar, who was attending Mrs. Jones.

Appellee's examination seems to have been waived, and she entered into bond to await the action of the grand jury of Galveston County. That body convened and ignored the accusation.

Appellee testified that the two turkeys she had in her coop were purchased by her from Mr. Marx, who peddled turkeys. He corroborated her testimony to the effect that she had bought two turkeys from him, and stated that he had frequently sold her turkeys before.

W. I. Evans testified to making a coop for appellee about the middle of November, 1887, for turkeys. There were two then running about in her yard, apparently at home. He placed them in the coop after it was finished.

The evidence showed that appellee was sick prior to and at the time of the arrest, suffering from pneumonia; was attended by two physicians, and subsequently grew worse.

Under this testimony the verdict of the jury was for the plaintiff for the sum of $125 damages.

That the question of malice is one of fact, and the existence or non-existence of probable cause one of law and fact, are rules as old as the action out of which they grew.

It does not occur to us as at all essential to enter into a discussion of the principles elaborately argued by the appellant's counsel. To do so would be in a great measure to reproduce familiar rules and stereotyped phrases, with which cases of this class usually abound. If the facts and circumstances in evidence which were shown to have existed at the time, did not authorize the affidavit of theft made by appellant against the appellee, or if they did not afford a basis for a reasonable suspicion or belief that appellee had committed the crime of theft, then it will not be contended, as a legal proposition, that the proof fails to show that malice and that want of probable cause necessary to sustain the verdict.

There is nothing in the evidence of the appellant, as contained in the record before us, which would authorize us to hold that there was any reasonable ground for the belief that the appellee had fraudulently taken the personal property of appellant, without his consent, with the intent to deprive him of its value, etc. The information which had been given him as to the manner the turkeys entered Mrs. Jones' yard, was that they flew over his fence into the alley, which separated his residence from appellee's premises, and that they entered the gate of the latter, which opened into this alley. It would appear from appellant's testimony that when he visited appellee to inquire about them, and saw what he believed to be his turkeys in her yard, she was not physically in a condition to have taken possession of them. There is no doubt from the evidence that she had been quite sick, having pneumonia, and was attended by two physicians. It was not shown that she was at any time ever seen in possession of them, or that she refused to allow any turkeys of appellant found in her yard to be taken by him, or that she prevented or attempted to prevent a recovery by appellant of his property, or that he made any demand or request of her, or asserted any claim to them which appellee refused or repudiated.

By no reasonable construction or fair process of reasoning can it be claimed that the facts as testified to establish that dishonest purpose, the fraudulent intent on the part of appellee to take the property, in such manner as constitutes theft. There is an entire absence of these elements essential in the crime of theft, and without which there can be none.

In a civil action for the recovery of the property it could not be said, if there had been a verdict for the appellee, that it was unsupported by the evidence.

If it be true, then, that the evidence may have authorized the jury to think there was a want of probable cause, nothing further need be said with respect to proof of malice.

The seventh assignment is briefly stated that the court erred in in-

structing the jury that defendant would be liable if he made the affidavit for the arrest.    The contention of the appellant, as we understand it, is that there was no actual arrest; that the cause of action consists of the injury sustained by reason of the arrest and confinement under the charge, and where there is no arrest there is no injury.

In this case the officer executing the warrant read it to the appellee while she was sick in bed, and told her she would have to give bond or go to jail.    Her husband procured the bond for her.    "Actual contact is not necessary to constitute an arrest."    2 Add. on Torts., sec. 871.

It is assigned as error that the jury were instructed that they could estimate as actual damages sickness or increased sickness, if any, and distress of mind caused by the prosecution and arrest, because there were no allegations or legal proof of the same, and they were too remote.    The allegations were that "the plaintiff, by reason of the premises, had suffered great anxiety and pain of mind and body," etc.; and again, that "she suffered great mental pain caused by the acts of defendant," etc.    No special exception was filed to these averments, nor was any objection made to the proof offered as to her sickness at the time of the arrest, and the effect upon her caused by it.

The general averments referred to were sufficient to admit the proof in the case, where there was no special exception or objection to the evidence.    Had there been an exception sustained on this ground the petition might have been amended, and if there had been objection made to the testimony when it was introduced, this objection might have been met.

The remaining assignment is that "the court erred in instructing the jury as follows:  'If you believe from the evidence that the defendant Shannon stated all the facts to a competent attorney at law who advised the affidavit, and that Shannon in good faith followed the advice of counsel learned in law, you may take that fact, together with all the other facts and circumstances in evidence, to determine whether or not Shannon was actuated by malice in making the affidavit;' the court, in effect, instructing the jury that though defendant advised with counsel under the circumstances stated, and acting upon the advice thus given, in good faith made the affidavit in question, that these facts would not of themselves be a justification of defendant's acts in the premises, but only to be considered with other facts and circumstances in the case."

While there may have been in some of the cases heretofore a conflict of opinion as to whether acting upon the advice of counsel by the defendant after a full statement of all the facts would constitute a complete defense in suits of this class, the later authorities are to the effect that it is not an absolute or perfect protection, and it is not conclusive upon the question of probable cause.    Ramsey v. Arrott, 64 Texas, 320.

There is no good and sufficient reason for the rule that if the defendant acts in good faith upon counsel's advice in instituting the prosecution, after

stating fully the facts, it is a complete defense, because the facts so stated may show in themselves that there was no probable cause; and if it be disclosed by the statement made of all the facts that there was no probable cause for the prosecution it is unreasonable to say that the mere observance of the ceremony by the defendant of submitting these facts to counsel, who may not see in them the absence of probable cause, and hence advises the arrest, will afford a justification on the ground of probable cause when the facts show its absence.

There was no error, we think, because the charge failed to instruct the jury that such advice of counsel so acted on, after stating all the facts, would be conclusive upon the question of probable cause. There may have been error in the use of the word malice, instead of probable cause, in the charge.

That the defendant acted upon the advice of counsel may be considered in determining whether he had probable cause, and not whether he acted with malice, as charged by the court. But still, according to our view of the facts, we can not see that the defendant or appellant has any cause to complain of the charge, because it seems to be obvious from his own testimony that he did not act upon the advice of his counsel. Appellant testifies that "the following morning"—the morning after he went to Mrs. Jones' house—"as I went down town I met" an attorney in whom I had confidence "at Mason's corner, on Market Street, and stated the case to him as I have stated it here, and asked him what I ought to do, and he told me that I ought to send an officer out and have him get the turkeys or to have Mrs. Jones arrested if he did not get them."

There is no evidence whatever that Shannon acted on this advice. No officer was sent out to get the property or to make any effort in that direction. But the next step appears to have been the affidavit, followed by the arrest by the officer.

There was nothing in this testimony calling for an instruction upon the defense claimed of the existence of probable cause growing out of appellant's alleged action upon the advice of counsel. Under this evidence it can not be contended that a jury would have been authorized to find that appellant did act upon the advice of counsel.

We have endeavored to carefully examine the record, and we think the judgment should be affirmed.

*Affirmed.*

Adopted March 4, 1890.