### FIRE ASS'N OF PHILADELPHIA v. MOSS et al. (No. 213.)

(Court of Civil Appeals of Texas. Waco. April 16, 1925. Rehearing Denied May 14, 1925.)

1. **Appeal and error ⟨⟩218(2)—Defendant could not question sufficiency of evidence to support findings.**

Where defendant did not file any motion to set aside findings of jury, but asked trial court to enter judgment in its favor on such findings, findings were conclusive as to facts found, and defendant could not question on appeal sufficiency of evidence to support such findings, in view of Rev. St. arts. 1986, 1990.

2. **Insurance ⟨⟩390—Alleged false statements of plaintiffs, as to condition and model of cars insured, held no defense to action on policy.**

Though plaintiffs made false statements, as to model and condition of two cars insured with defendant against fire, where defendant did not, within a reasonable time after dis-

covering falsity thereof, give notice to plaintiffs that it would not be bound by policies, such statements constituted no defense to an action thereon, in view of Rev. St. art. 4948.

Error from District Court, McLennan County; James P. Alexander, Judge.

Action by W. L. Moss and another against the Fire Association of Philadelphia. Judgment for plaintiffs, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Shires & Dunnam, of Waco, for defendants in error.

### Statement.

, STANFORD, J. This suit was brought by W. L. Moss and O. L. Jones, doing business under the firm name of the Moss Motor Company, defendants in error herein, against plaintiff in error on two insurance policies, both issued February 2, 1923, one for $1,050, covering a Chalmers automobile, and the other for $1,875, covering a Packard touring car, alleging both cars were destroyed by fire, and that proofs of loss had been made, etc. Plaintiff in error answered, in substance, after general denial, that defendants in error had other insurance on said two cars, in that they had a blanket policy for $6,000 on their stock of secondhand cars, and that the two cars were secondhand cars, etc., and that by reason of said other insurance, no recovery could be had, etc. Plaintiff in error pleaded further that the Chalmers car was represented to be a new car at the time defendants in error purchased same, etc., and that the Packard was represented to be a 1920 model, etc., and that both of said representations were untrue, and were warranties, and that said warranties were breached and that therefore they were not entitled to a recovery.

Defendants in error filed a supplemental petition in reply to the special answer of plaintiff in error, in which they alleged that they had no other insurance on the cars in question, and alleged further that if they did have other insurance, plaintiff in error had knowledge of same at the time it issued the policies involved herein; that plaintiff in error was informed as to the contents of the blanket policy, and that said blanket policy was shown to the agent of plaintiff in error at the time said agent issued and delivered the policies sued upon, and with full knowledge of the existence of the Camden blanket policy and the provisions thereof, and of the agreement between S. Hundley, agent for the Camden Insurance Company, and defendants in error to eliminate the cars in question from said blanket policy, the defendant issued said policies, and agreed that the said other insurance, if any, would in no way affect the policies of insurance issued by it, and agreed and consented and stated to defendants in error that the policies issued by it would be in force and effect and cover the automobiles described to the full extent of loss specified in said policies against destruction by fire, regardless of the effect the other policy might have, if any existed; that the agent of plaintiff in error at said time stated to defendants in error that said blanket policy did not in any way cover and protect them on the two cars, and induced defendants in error thereby to so believe and to accept said policies; that defendants in error relied upon these statements as true and accepted said policies; that plaintiff in error, having issued and delivered said policies with full knowledge of all the facts in reference to the blanket policy, thereby waived the provisions in said policies to the effect that no recovery could be had under said policies if, at the time of the loss, there should be other insurance covering such loss, etc.; and that plaintiff in error was estopped from setting up such provisions as a defense.

Defendants in error alleged further that, at the time of the issuance of the policies, the said cars were new cars, in first-class condition; that they correctly described same in their application for said policies, giving the model, the serial number, etc., except the model number of the Packard car, which they gave as 1920, believing this to be true and correct, when it ought to have been 1917; that they told the agent, when writing said policies, that the Chalmers car had been run about 400 miles; that said agent thoroughly examined both said cars, and knew all about both of said cars, and knew that both cars had been slightly used, and that after having examined said cars and being informed that both had been slightly used, and after having been advised of all the true facts about said cars, said agent issued said policies, classifying said cars as new cars, and that by reason of its agent so doing, when he was in possession of all the facts, plaintiff in error waived any erroneous statements, if any, in the application, and is now estopped to urge same as a defense; that if there were any erroneous statements made in reference to said cars, plaintiff in error knew or learned of such false statements, if any, and did not within a reasonable time after having such knowledge, give to defendants in error notice that it would not be bound by said policies, and thereby waived its rights, if it ever had such rights, to rely upon the provisions of the policies in reference to false statements.

The court submitted the case to the jury on special issues, which issues and the answers of the jury thereto are as follows:

"Special issue No. 1: At the time S. Hundley, agent for the Camden Fire Insurance Com-

pany, attached the last rider, dated January 15, 1923, to the blanket policy, was it mutually understood and agreed by the said S. Hundley and the plaintiffs that the blanket policy should not cover and protect the two cars in question from loss by fire while in the building in question? Answer: 'Yes.'"

"If you answered the foregoing question 'yes,' then you need not answer the next question; but, if you answered 'no,' then you will answer the following question:

"Special issue No. 2: Did the defendant insurance company, within a reasonable time, after discovery that the two cars in question were covered by the blanket policy (if you have found that they were not mutually excluded from the blanket policy) notify the plaintiffs, or either of them, that defendant would not be bound by its policies of insurance? Not answered."

"Special issue No. 3: Did the plaintiffs, or either of them, represent to T. O. Glover, agent of the defendant company, at the time he issued and delivered the policies in question, that the Chalmers car in question was a new car bought in December, 1922? Answer: 'Yes.'"

"If you answer the foregoing 'no,' you need not answer questions 4, 5, 5a, or 6, but, if you have answered 'yes,' then you will answer the following question:

"Special issue No. 4: Was said representation, if any, true or untrue? Answer: 'Untrue.'"

"If you answered the foregoing question 'true,' you need not answer the next question, but, if you answered 'untrue,' you will answer the next question:

"Special issue No. 5: Was said representation, if any, material to the risk? In this connection you are instructed that a representation is material, if, had the insurance company known the true facts, they would have charged a higher rate of premium. Answer: 'Yes.'"

"Special issue No. 5a: Did the insurance company rely upon said representation (if any) that the Chalmers car in question was a new car bought in December, 1922, and issue said policy in reliance thereon? Answer: 'Yes.'"

"If you have answered special issue No. 4 'true,' you need not answer the next question, but, if you have answered 'untrue,' then you will answer the following question:

"Special issue No. 6: Did the insurance company, within a reasonable time, after discovery that said representation, if any, was untrue (if it was untrue) notify the plaintiffs, or either of them, that the insurance company would not be bound on said insurance policy? Answer: 'No.'"

"Special issue No. 7: Did the plaintiffs, or either of them, represent to T. O. Glover, agent for the defendant insurance company, at the time he issued and delivered the insurance policy in question, that the Packard car was a 1920 model? Answer: 'Yes.'"

"If you have answered the foregoing 'no,' you need not answer questions 8, 9, 10, or 11, but, if you have answered 'yes,' then you will answer the following question:

"Special issue No. 8: Was said representation, if any, true or untrue? Answer: 'Untrue.'"

"If you have answered the foregoing question 'true,' you need not answer the following question, but, if you have answered 'untrue,' then you will answer the following question:

"Special issue No. 9: Did the defendant insurance company rely upon said representation, if any, and issue said policy of insurance in reliance thereon? Answer: 'No.'"

"Special issue No. 10: Was said representation, if any, material to the risk? In this connection you are instructed that a representation is material, if, had the insurance company known the true facts, they would have charged a higher rate of premium or would have declined the insurance altogether. Answer: 'Yes.'"

"Special issue No. 11: Did the insurance company, within a reasonable time after discovery that the Packard car was not a 1920 model (if it was not a 1920 model) notify the plaintiffs, or either of them, that the insurance company would not be bound on said insurance policy? A reasonable time is defined under special issue No. 2. Answer: 'No.'"

"Special issue No. 12: What amount of money in your opinion, would it have cost in February, 1923, to replace or repair the damage done to the Chalmers car by the fire in question? Answer: '$1,000.'"

"Special issue No. 13: What amount of money, in your opinion, would it have cost in February, 1923, to replace or repair the damage done to the Packard car by the fire in question? Answer: '$1,000.'"

The court entered judgment on said findings for defendants in error.

### Opinion.

Both policies sued upon contained the following provision:

"No recovery can be had under this policy, if, at the time the loss occurs, there be any other insurance covering such loss which would attach if this insurance had not been effected."

Under several assignments, the insurance company contends that there was other insurance on the two cars in question, and so, under the terms of the policy above quoted, the trial court should have instructed in its favor. Under other assignments, it contends that the blanket policy in the Camden Fire Insurance Company covered the loss in question, and so the court erred in submitting this question to the jury in special issue No. 1. Under other assignments, the insurance company contends that article 4948 of our statutes does not apply to contractual warranties, and so the court erred in submitting to the jury the issue of whether or not the insurance company, within a reasonable time after it learned of the other insurance, disaffirmed the two policies here involved.

The record discloses that in January, 1923, defendants in error were in the automobile business at 609 Franklin street in Waco; that they had some 12 or 15 secondhand automobiles in their garage in their place of business, and that they had taken out in the Camden Fire Insurance Company,

through S. Hundley, 'the local agent, a blanket policy for $6,000, covering said cars while in their place of business; that the Chalmers and Packard cars in question, being in first-class condition and practically new, 'were out of said garage most of the time, being used by defendants in error, but were put in the garage at night, because neither of the defendants in error had a garage at his residence; that by reason of these two cars being out of the garage most of the time and unprotected by the blanket policy for $6,000 in the Camden Company, defendants in error applied to S. Hundley, agent for the Camden Insurance Company, for special insurance on these two cars that would protect them against loss by fire anywhere, out of the building as well as while in the building, but Mr. Hundley could not write such a policy, and in order that defendants in error might get such a policy in some other company, on January 15, 1923, S. Hundley, as agent for the Camden Fire Insurance Company agreed with defendants in error to eliminate the two cars in question from the blanket policy, that is, make such changes in the blanket policy as were necessary to be made so it would not cover the two cars in question, and the evidence was sufficient to show that, to accomplish this purpose, the rider of January 15, 1923, was attached to the blanket policy. This rider had been introduced in evidence on a former trial of the case, but had been lost or misplaced, and so was not put in evidence on the last trial, but S. Hundley, as well as defendants in error, testified that such was the purpose and effect of such rider.

[1] In answer to the first special issue, the jury found that at the time S. Hundley, agent for the Camden Fire Insurance Company, attached the last rider, dated January 15, 1923, to the blanket policy, it was mutually understood and agreed by the said S. Hundley and defendants in error that the blanket policy should not cover and protect the two cars in question from loss by fire while in the building in question. Plaintiff in error did not file any motion to set aside the findings of the jury, but did file a motion, asking the trial court to enter judgment in its favor on said findings, and plaintiff in error not having presented any motion to set aside the findings of the jury, and having asked that judgment be rendered in its favor on said findings, thereby approving said findings, such findings are conclusive as to the facts found, and plaintiff in error cannot question in this court the sufficiency of the evidence to' support such findings. Revised Civil Statutes, arts. 1986, 1990; Scott et al. v. Farmers' & Merchants' Nat. Bank (Tex. Civ. App.) 66 S. W. 493; First Tex. St. Ins. Co. v. Burwick (Tex. Civ. App.) 193 S. W. 165; Waller v. Liles, 96

Tex. 21, 70 S. W. 17; Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; Kendrick v. Polk (Tex. Civ. App.) 225 S. W. 826; Blackwell v. Vaughn et ux. (Tex. Civ. App.) 176 S. W. 912. We will say, however, we have examined the statement of facts, and find the evidence raised the issue submitted and is ample to support the findings of the jury on same.

There being no other insurance on the cars in question when plaintiff in error issued and delivered the policies herein· sued upon, as found by the jury, the question of contractual warranties, under article 4948, as contended by plaintiff in error, does not arise. Such issue could only 'arise upon a negative answer to both the first and second issues. We overrule all of the assignments raising the questions here referred to.

[2] Under other assignments, plaintiff in error contends that because at the time said policies were issued and delivered, defendants in error represented that ·the Chalmers car was a new car, and that the Packard was a 1920 model, and said statements were untrue and were material, and were relied upon as to the Chalmers but were not relied upon as to the Packard, that judgment should have been rendered for the plaintiff in error. But with reference to both said cars, the jury found further that the insurance company did not, within a reasonable time after the discovery that said representations were untrue, notify defendants in error, or either of them, that it would not be bound by said policies, and as to the Packard 'car the jury found that the insurance company did not rely upon the incorrect statement as to the model, the only incorrect statement claimed as to this car. The jury having found as to the alleged false statements as to both of said cars that the plaintiff in error did not, within a reasonable time after the discovery that said representations were untrue, notify defendants in error, or either of them, that it would not be bound by said policies, and plaintiff in error not having filed any motion in the trial court asking that said findings of the jury be set aside, and having filed a motion asking for a judgment on said findings, the same became conclusive of the facts found, and plaintiff in error cannot in this court question the sufficiency of the evidence to support such findings. See authorities above cited. So, if defendants in error did make false statements as to the two cars in question, as plaintiff in error did not, within a reasonable time after discovering the falsity of same, give notice to defendants in error that it would not be bound by said policies, said alleged false statements constituted no defense. Revised Civil Statutes, art. 4948; National Life Ass'n v. Hagelstein (Tex. Civ. App.) 156 S. W. 354; American

Nat. Ins. Co. v. Burnside (Tex. Civ. App.) 175 S. W. 169; American Nat. Life Ins. Co. v. Rowell (Tex. Civ. App.) 175 S. W. 170; Guarantee Life Ins. Co. v. Evert (Tex. Civ. App.) 178 S. W. 643; St. Paul Fire & Marine Ins. Co. v. Pipken (Tex. Civ. App.) 207 S. W. 360; Milwaukee Mechanics' Ins. Co. v. Weathered (Tex. Civ. App.) 234 S. W. 568. The evidence was sufficient to show that, at the time the agent of plaintiff in error wrote said policies, he carefully examined both of said cars, and was informed both of them had been used; that the Chalmers had been run about 400 miles; that said agent knew all about said cars and classified them himself as new cars. We overrule all assignments presenting the questions here discussed.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.