IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 03-0913
════════════
 
Kroger Texas Limited 
Partnership
and Robert Moody, 
Petitioners,
 
v.
 
Theresa Suberu, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fifth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued November 9, 
2004
 
 
Justice Johnson, joined by Justice Medina and by Justice Wainwright as to Part III, 
concurring in part and dissenting in part.
 
 
In connection 
with the first jury question, which submitted Theresa Suberu’s malicious 
prosecution claim, the jury was instructed, without objection, that:
 
“Malice” 
means ill will, bad or evil motive, or such gross indifference to the rights of 
others as to amount to a willful or wanton act.
 
“Probable 
cause” means the existence of such facts and circumstances as would excite 
belief in a person of reasonable mind, acting on the facts or circumstances 
within his knowledge at the time the prosecution was commenced, that the other 
person was guilty of a criminal offense. The probable cause determination asks 
whether a reasonable person would believe that a crime had been committed given 
the facts as the complainant honestly and reasonably believed them to be before 
the criminal proceedings were instituted.
 
 
See Richey 
v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997); Comm. on Pattern Jury Charges, State Bar of 
Tex., Texas Pattern Jury Charges–General Negligence & Intentional Personal 
Torts PJC 6.4 (2000). We must evaluate the evidence according to the 
charge given and the contentions of the parties. Sw. Bell Tel. Co. v. 
Garza, 164 S.W.3d 607, 618‑19 (Tex. 2004) (“In assessing the evidence, we 
assume that the portions of the charge just quoted, because they were given 
without objection, correctly state the law.”).
I
The 
instruction as to probable cause tasked the jury, in part, to resolve 
conflicting testimony as to whether Suberu was exiting the Kroger store with a 
basket of groceries when she was stopped and detained by Kroger employees. As 
the court of appeals’ opinion and the Court’s opinion set out in detail, she 
testified, unequivocally, “No”; Kroger’s employees testified, unequivocally, 
“Yes.” Under the first sentence of the probable cause instruction (that part of 
the instruction defining probable cause), the jury had to resolve the clearly 
conflicting testimony to find what facts and circumstances existed, and then to 
find if those facts and circumstances were such that they would excite belief in 
a person of “reasonable mind” that Suberu was guilty of a criminal offense. The 
second sentence of the instruction authorized the jury to find that probable 
cause existed if a reasonable person would believe Suberu committed a crime 
given the facts as Kroger both honestly and reasonably believed 
them to be.
 
The Court 
focuses on Suberu’s failure to prove that Kroger did not honestly believe that 
Suberu was leaving the store with a cart full of groceries for which she had not 
paid. Even assuming a lack of evidence that Kroger did not subjectively honestly 
believe that Suberu was leaving with a basket of groceries and that Kroger’s 
witnesses did not subjectively honestly believe Suberu was leaving with a basket 
of groceries, an honest belief was not enough. Under the charge, the jury’s 
finding that Kroger did not have probable cause could have been, and we must 
presume that it was, based on a finding that an honest belief was not reasonable 
because the credibility conflict was resolved in favor of Suberu: she was not 
leaving with a basket regardless of Kroger’s witnesses’ honest belief that she 
was.
Suberu’s 
testimony contained inconsistencies. Nevertheless, her testimony that she did 
not have a cart and that there was no cart next to her at the time Kellie Wier 
stopped her was more than a scintilla of evidence supporting the jury’s finding 
that Kroger’s belief in a contrary set of facts was not reasonable regardless of 
Kroger’s subjective sincerity in holding that belief. I would hold that the 
evidence was legally sufficient to support the jury’s finding that Kroger lacked 
probable cause. I dissent from the Court’s holding that it was not.
II
As to 
petitioner Robert Moody, individually, however, I agree that the evidence was 
legally insufficient to support the jury’s finding that he lacked probable 
cause; that is, that facts and circumstances within his knowledge were not such 
as would have excited belief in a person of reasonable mind that Suberu was 
guilty of a criminal offense. The jury charge required separate findings as to 
whether Kroger maliciously prosecuted Suberu and as to whether Moody maliciously 
prosecuted her. Suberu alleged that Kroger was liable by and through its 
employees, but she did not allege that Moody was liable based on the actions or 
knowledge of anyone other than himself.
 
Moody was not 
present when Suberu was exiting the store and thus had to make a decision based 
on conflicting factual reports from Suberu and Kroger employee witnesses. There 
is no evidence that Moody, as assistant manager, did not have an honest, 
reasonable belief that Suberu was exiting the store with a basket of unpaid 
groceries and was probably committing a crime. I concur in the Court’s opinion 
and judgment as to Moody.
III
Finally, I 
note that Kroger does not challenge the evidentiary sufficiency of the jury 
findings as to malice, except in relation to exemplary damages. Kroger’s failure 
to challenge the evidentiary support as to malice is understandable in light of 
our decisions holding that malice may be inferred merely from a lack of probable 
cause. See, e.g., Shannon v. Jones, 13 S.W. 477, 479 (Tex. 1890); 
Gulf, Colo. & Santa Fe Ry. Co. v. James, 10 S.W. 744, 747 (Tex. 
1889); Biering v. First Nat’l Bank of Galveston, 7 S.W. 90, 92 (Tex. 
1888). Evidence of a defendant’s subjective motives, state of mind, and good 
faith and honesty of belief in initiating or commencing a prosecution is 
relevant to the malice element of the cause of action. A re-examination of our 
holdings that lack of probable cause will support an inference of malice without 
further examination of the evidence may well be in order.
 
 
________________________________________
Phil 
Johnson
Justice
 
 
OPINION DELIVERED: May 5, 
2006