NATIONAL CITIZENS' BANK v. CONRAD J. ERTZ.[1]

April 19, 1901.

Nos. 12,535—(34).

**Sale of Mortgaged Chattels—Warranty by Mortgagor.**

When an agreement is entered into between a mortgagor of chattels and the mortgagee that the former may sell the property for the purpose of applying the proceeds in payment of the mortgage debt, the mortgagor is constituted the agent of the mortgagee; and if, in a proper case, he represents or warrants the quality or·condition of the property sold, the mortgagee is bound by such representations and warranty.

**Payment by Check Indorsed to Mortgagee.**

If such property is paid for by check payable to the mortgagor, who thereupon indorses and delivers it to the mortgagee for the purpose of having the proceeds applied upon the debt, the latter is not a bona fide holder for value, and without notice of the equities which may have grown out of the falsity of the representations or failure of the warranty.

Action in the municipal court of Minneapolis to recover $195.84 and interest on a check. The case was tried before Kerr, J., who found in favor of plaintiff for the amount demanded. From an order denying a motion for a new trial, defendant appealed. Reversed.

[1] Reported in 85 N. W. 821.

*Brady & Robertson,* for appellant.
*Everett Moon,* for respondent.

COLLINS, J.

One Cassiday, doing business in Mankato, Minnesota, as the Cassiday Packing Company, was indebted to plaintiff in the month of December, 1894, in the sum of $9,500. On account of this indebtedness, Cassiday indorsed and guarantied the promissory note of one Johnson, payable to himself, for the same amount, and delivered it to the plaintiff. He also executed a bill of sale or chattel mortgage upon certain meats in his possession to secure the payment of this note, and it was agreed between him and the plaintiff that he should have the right to sell the property thus mortgaged, and pay over to the plaintiff the moneys received from such sales; the amounts thereof to be applied upon Johnson's note. A part of the mortgaged meats were thereafter shipped to St. Paul and sold to defendant, upon the representations and warranty of Cassiday's salesman that the same were of good quality and in good condition. The defendant gave his check for the amount agreed on, inspected the meats at the first opportunity, and found the same spoiled and worthless. He thereupon returned the articles to Cassiday, and was advised that the check had been sent to Mankato, but that it would be returned to him without delay. Cassiday thereupon again sold the meats, and appropriated the proceeds to his own use. The bank upon which the check was drawn refused payment, and the plaintiff, to whom the check had been delivered in part payment of the Johnson note, brought this suit to recover the amount. Judgment was ordered against defendant, and the appeal is from an order denying the motion for a new trial.

It was found by the court below that Cassiday sold and transferred the check to plaintiff for a good and valuable consideration, and that the plaintiff was a purchaser of the same for value. The real question is whether the representations and warranty made in behalf of Cassiday can be ascribed to plaintiff, and thus render the check subject to the equities which actually existed between Cassiday and defendant. The sale was made in pursuance of an

agreement between Cassiday, mortgagor, and plaintiff, mortgagee, that the mortgaged property might be sold and the proceeds turned over to the latter. The sale and application of the proceeds as agreed upon were perfectly proper, if the parties saw fit to make such an agreement. Its legal effect was to substitute the mortgagor, Cassiday, as the agent of the mortgagee, to do exactly what the latter had a right to do; that is, to sell the mortgaged property, and thus devote it to the payment of the mortgage debt. It was really a sale by the mortgagee, and legally was precisely as if the mortgagee had taken possession and placed a third person in charge, as agent, to sell the property and account for the proceeds. Conkling v. Shelley, 28 N. Y. 360, 363; Brackett v. Harvey, 91 N. Y. 214, 221; Dayton v. Peoples, 23 Kan. 421.

It follows that the representations and warranty made by Cassiday's salesman as to the good quality and condition of the meats were binding upon the plaintiff mortgagee, whose agent he was, as fully as if it had itself made the sale, with the same representations and warranty. Under the circumstances, the plaintiff was not and could not have been a bona fide holder of the check, for value, without notice of the existing equities. Its effort to collect the amount in question is simply an attempt to adopt a part of the acts of its agent (the sale at a stipulated price), and to repudiate the balance (the representations and warranty as to quality and condition).

Order reversed, and a new trial granted.