## PEOPLES SAVINGS BANK *v.* SMITH & COMPANY.

1. Viewed in the light of the pleadings filed in the present case, the verdict of the jury was not void for uncertainty.
2. When the holder of a promissory note surrenders to the maker thereof collaterals given to secure its payment, in order that the latter may sell the same and apply the proceeds to the payment of his indebtedness, the relation of principal and agent exists between them, in so far as third persons are concerned. It follows that where the maker of the note subsequently reports that he has sold the collaterals to a partnership of which he is a member, and, relying upon this representation, his principal accepts as the proceeds of the collaterals a promissory note executed in the name of the partnership, it can not be held liable thereon if, in point of fact, it never became the purchaser of the collaterals or derived any benefit therefrom. The principal had, or was, in law, chargeable with, knowledge of all facts known by the agent.
3. That a partnership may frequently have drawn checks against its funds in bank for the purpose of discharging the individual debts of its members would not constitute such "a course of dealing" as would justify the bank in assuming that it was within the scope of the partnership business to pledge its credit and give its promissory note in satisfaction of a debt due by one of the partners to the bank. In no event could such "a course of dealing" be set up by the bank, if it did not, as matter of fact, act upon the faith thereof.
4. That the court may have committed error in charging the jury, or in refusing to give them certain instructions, or in denying to the losing party the right to open and conclude the argument, affords no cause for ordering a new trial when, as in the present case, the verdict returned by the jury was demanded by the evidence.

Argued October 16, — Decided November 9, 1901.

Complaint. Before Judge Reece. City court of Floyd county. February 15, 1901.

*Fouché & Fouché*, for plaintiff in error.
*J. Branham* and *McHenry & Maddox*, contra.

LUMPKIN, P. J.    The Peoples Savings Bank filed in the city court of Floyd county a petition in the following words:    "The petition of the Peoples Savings Bank, a corporation, showeth: First, that Henry G. Smith and F. H. Rounsaville, partners using the firm name and style of Henry G. Smith and Company, of said county, are indebted to the petitioner in the sum of three hundred and twenty-four dollars and five cents, besides interest, upon a certain promissory note, a copy of which is hereto attached.    Second, said Henry G. Smith and F. H. Rounsaville, partners, as aforesaid, [are] also indebted to petitioner in the sum of ten per cent. upon said principal and interest, for attorney's fees upon said note, in the event of the filing of an unsuccessful defense to this suit.    Third, said amounts of principal, interest, and attorney's fees are due and unpaid, and said defendant refuses to pay the same.    Wherefore petitioner prays:    First, judgment against said defendant for the amounts alleged to be due.    Second, that process may issue requiring said defendant to be and appear at the next city court to answer petitioner's complaint.    Fouché & Fouché, plaintiff's attorneys."    Attached to the petition was a copy of an unconditional promissory note, purporting to have been signed by " Henry G. Smith & Co.," payable to the First National Bank, of Rome, Ga., and indorsed to the Peoples Savings Bank.    The petition was served personally upon Henry G. Smith and F. H. Rounsaville.    The former filed no defense.    The latter, on September 11, 1900, filed an answer denying the 1st, 2d, and 3d paragraphs of the petition. Subsequently he filed an amendment in the following words:    " The defendant, F. H. Rounsaville, further says that the partnership of H. G. Smith & Co. is not liable for the note sued on, nor is he, for the reason that said note was not given in the course of the business of the partnership, or on account thereof, but the same was given for the individual debt of H. G. Smith, which the said Smith owed said plaintiff and the First National Bank of Rome, and that the proceeds of said note were so applied; and of these facts the said plaintiff had notice at the time said transaction took place. J. Branham, def't's atty."    Still later, Rounsaville filed another amendment reading thus:    " And now comes the defendant, Fred. H. Rounsaville, and withdraws so much of his plea filed on the 11th of September, 1900, as denies the allegations contained in the third paragraph of the petition, and admits that the note sued on

was signed in the firm name by Henry G. Smith, during the existence of the partnership of Henry G. Smith & Co., and that the plaintiff was the holder and owner of the note sued on at the time this suit was brought.    J. Branham, McHenry & Maddox, att'ys for Rounsaville." The case went to trial on these pleadings, and the jury returned the following verdict: " We, the jury, find for the defendant." Thereupon the plaintiff made a motion for a new trial, which was overruled, and it excepted.

1. One of the grounds of this motion was as follows: " Because the verdict is contrary to law, in that it fails to find for the plaintiff against either of the defendants, and is uncertain as to which defendant the finding is for." A consideration of this ground involves a construction of the pleadings, which present a fair illustration of the difficulty and embarrassment with which this court is too frequently confronted. It is remarkable, to say the least, that the plaintiff should complain of a verdict in favor of "the defendant," for the reason stated, when its own petition alleged that "said defendant refuses to pay "the promissory note declared upon, and prays for process requiring "said defendant" to appear and answer its complaint. In view of this averment and prayer, and of the fact that the note sued on was executed in the name of Henry G. Smith & Co., a partnership, with the name of Rounsaville nowhere appearing thereon, we are forced to the conclusion that it was the intention of the pleader to bring an action against the partnership itself, and not against the individuals composing it. It would seem, also, that the counsel managing the defense thought they were called upon to meet an action of such a character ; for while the original answer and both amendments were filed in the name of Rounsaville as " defendant," these pleadings set up a defense which could be appropriately made only by the partnership itself, and disclose a purpose on the part of Rounsaville to file a defense in its behalf which, if successfully established, would necessarily protect him also. At any rate, the plaintiff did not demur to the answer as amended, but treated it as responsive to the petition, and allowed the case to be tried upon the theory that the "defendant" therein referred to had duly appeared and made answer to the complaint which it set forth.

As Henry G. Smith filed no answer, and as the note sued on was an unconditional contract in writing, there certainly was no issue to

be passed upon by the jury as between him and the plaintiff, even if its petition was such as to warrant a judgment being taken against him individually as a partner. Under these circumstances, the best we can do with such loose and indefinite pleadings is to hold, as we do, that the issue the jury was called upon to try was whether or not the partnership of Henry G. Smith & Co. was liable to the plaintiff upon the note sued on. Our conclusion therefore is, that the verdict in favor of "the defendant" should not be treated as void for uncertainty.

2. A careful examination of the brief of evidence convinces us that this case, viewed in the light of facts as to which there was no dispute, falls within the principles announced in the second headnote, the correctness of which is not open to serious question, and which are supported by the decision in *Brobston* v. *Penniman,* 97 *Ga.* 527. These facts required a verdict against the plaintiff. It was conceded that the savings bank had knowledge of all the facts, respecting the note sued on, which the National Bank knew, or with knowledge of which the latter was chargeable, when the former took that note.

3. The court rejected certain evidence tending to show it was the custom of the firm of Henry G. Smith & Co. to draw checks against its deposit in the First National Bank in payment of debts due by the individual members of the firm. This evidence was offered for the purpose of showing that there had been such a course of dealing between the partnership and that bank as to justify the latter in assuming that it was within the scope of the partnership business to give promissory notes in satisfaction or settlement of the individual indebtedness of its members. We are clearly of the opinion the evidence was properly rejected, and have undertaken in the third headnote to formulate our view of the law governing this matter. We assume that what is there laid down will be readily accepted as sound doctrine, and do not feel called upon to submit any argument in support thereof. However this may be, the evidence was properly rejected, for the reason that it clearly appears from the uncontroverted evidence that the action of the bank in accepting the note sued on was not predicated upon any such alleged course of dealing.

4. Error is also assigned upon certain instructions given to the jury, upon the refusal of the court to give in charge certain requests

presented in writing, and upon its ruling that the plaintiff was not entitled to open and conclude the argument before the jury. It would be unprofitable to deal with any of the questions thus presented; for, as stated above, a verdict in favor of the defendant was demanded by the evidence, and this being so, the finding of the jury should be allowed to stand, even if the court did, as contended, commit error in making the rulings just referred to.

*Judgment affirmed. All the Justices concurring.*