## FARMERS' STATE BANK OF BURKBURNETT et al. v. JAMESON et al.
### (No. 916—4997.)

Commission of Appeals of Texas,. Section B. April 24, 1929.

For original opinion, see 11 S. W. (2d) 299.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, and Benson & Benson, of Bowie, for plaintiffs in error.

Fitzgerald & Hatchitt, Carrigan, Britain, Morgan & King, and H. R. Wilson, all of Wichita Falls, and Donald & Donald, of Bowie, for defendants in error.

SHORT, P. J. Two motions for rehearing have been filed in this case. One motion is filed by the plaintiff in error C. McCall; the other motion is filed by the plaintiff in error Farmers' State Bank of Burkburnett, W. B. Anchor, and Perry Browning. Both of these motions have received an unusually extended consideration which has led us to the conclusion that both should be overruled. However, it appears to us that, in view of the assertion by the movers of both motions that our original opinion fails to give a clear statement of the facts found by the Court of Civil Appeals, we deem it essential to restate some of these facts which are not controverted. The plaintiffs in error Farmers' State Bank of Burkburnett, W. H. Anchor, and Perry Browning, asserted claims against the estate of S. M. Jameson, deceased. The plaintiff in error C. McCall, who was president of Farmers' & Merchants' National Bank of Nocoma, also claimed an indebtedness against this estate. These claims were in no wise related, having arisen independently of each other. Some part of the claims of the Burkburnett bank and W. H. Anchor and Perry Browning, if not all, was evidenced by a judgment against S. M. Jameson rendered in his lifetime, and this judgment had been duly placed upon the proper judgment lien record at the time of the death of Jameson. The suit numbered 6636 was a suit by W. H. Anchor and Perry Browning against the defendants in error and the plaintiff C. McCall to subject the property of the estate of S. M. Jameson to the payment of their claims. This suit was dismissed voluntarily. The suit numbered 6635 was a suit filed by McCall against the defendants in error and the other plaintiffs in error, in which there was a cross-action filed by the other plaintiffs in error setting up their respective claims against the estate of S. M. Jameson, deceased. After the dismissal of No. 6636 an agreed judgment was entered, and it is this judgment that is the subject of attack in this suit, the defendants in error claiming that they had no knowledge of this suit and were not parties to any agreement upon which the judgment was rendered. This agreed judgment gave to McCall full satisfaction of all his claims and also recognized the claims of the other plaintiffs in error and adjudged to them the $4,000 which Mrs. Jameson was to have, in addition to another $1,000, under certain conditions stated in our opinion under the agreement with McCall. It is true that Mrs. Jameson did not dispute the claims of any of the plaintiffs in error, except that of McCall, and it is also true, and not disputed, because the record affirmatively so shows, that the other plaintiffs in error participated in the fruits of the alleged fraud which McCall is alleged to have perpetrated upon Mrs. Jameson, as stated in the original opinion. This participation in the fruits of the alleged fraud of McCall by the other plaintiffs in error, whereby all the claims of all the creditors of S. M. Jameson were recognized, as shown by the judgment, made all the plaintiffs in error principal offenders and subjected them to liability to the extent of the relief they secured by the agreed judgment to make restitution of the fruits of the fraud. The motion for rehearing, filed by the Burkburnett bank, Anchor, and Browning, erroneously assumed that because their claims were disassociated with the claim of McCall they

would not be made liable for any fruits of the alleged fraud committed by McCall. As we have shown they dismissed their cause of action in cause No. 6636 and voluntarily filed the cross-action in No. 6636. They then made an agreement with McCall and ostensibly with Mrs. Jameson, whereby they were to receive, by virtue of the judgment, $4,000 of the fruits of the agreement, which McCall claims he made with Mrs. Jameson.

Further complaint is made in the motion filed by all the plaintiffs in error, except McCall, that the original opinion reflects upon the integrity, or at least upon the professional conduct, of the council representing all the plaintiffs in error, except McCall, in so far as it discusses the fact that no part of the cost of cause No. 6635 was adjudged against either Mrs. Jameson or her children, though the judgment was entirely against Mrs. Jameson and partially against the children; from which it was said in the original opinion that a jury might have inferred that this failure to assess any cost against Mrs. Jameson was in furtherance of a design to keep the information from Mrs. Jameson that any such judgment had been rendered. Since it is a fact, we take pleaesure in saying that no imputation against counsel, such as the motion seems to assert is contained in the language used, was intended. We were merely discussing the circumstances which a jury might, in the absence of explanation, be justified in considering as testimony tending to sustain Mrs. Jameson's contention that she had no knowledge that this judgment had been rendered.

We recommend that both motions for rehearing be overruled.