## BOYD v. EIKENBERRY et al.

### No. 9858.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 14, 1936.

Rehearing Granted Nov. 18, 1936.

Appellants' Motion for Rehearing Overruled Dec. 17, 1936.

Strickland, Ewers & Wilkins, of Mission, E. A. McDaniel, of McAllen, and R. D. Cox, of Mission, for appellant.

Kelley, Looney & Norvell, of Edinburg, for appellees.

MURRAY, Justice.

This suit was instituted by Mae N. Eikenberry and Eloisa LeLievre against A. J. McColl, J. L. Erwin, A. J. McColl Land Company, and H. B. Boyd, seeking to recover damages as the result of a fraudulent sale to them of lot No. 29, in block 8, of the Hammond and Fernandez subdivision of porciones 71 and 72 in Hidalgo county, Tex.

The trial court instructed the jury in favor of J. L. Erwin and the McColl Land Company, but submitted the case as to A. J. McColl and H. B. Boyd to the jury upon special issues. In answer to these special issues the jury made the following findings of fact:

"1. The land in question was not first class citrus land.

"2. There was no conspiracy between Boyd and McColl.

"3. McColl was Boyd's agent in selling the land.

"4. There was no partnership between McColl and Boyd.

"5. Boyd did not receive a benefit out of a sale of the land.

"6. The reasonable market value of the land at the time of the sale, had the same been as represented, would have been $1,000 per acre.

"7. The actual reasonable market value of the land at the time it was delivered to appellees was $225 per acre.

"8. McColl wilfully misrepresented the land.

"9. Appellees were entitled to $1,500 exemplary damages.

"10. McColl did not honestly believe the land was good land when he sold it.

"11. Boyd held the legal title to the land as collateral security for a debt owed to him by McColl."

Upon these findings of fact by the jury the trial judge rendered judgment against Boyd and McColl, jointly and severally, for the sum of $6,773.50, and against McColl, individually, in the sum of $1,500, the amount of exemplary damages found by the jury.

The court also rendered judgment foreclosing an attachment lien against certain lands attached by the plaintiffs below as being the property of H. B. Boyd.

McColl has not appealed, and the judgment against him will be in all things affirmed.

H. B. Boyd did not file a motion for a new trial, but only excepted to the judgment and gave notice of appeal, and he alone prosecutes this appeal.

Boyd, not having filed a motion for a new trial, can only properly present assignments of error here which are based upon fundamental error. Stewart v. McAllister (Tex.Civ.App.) 209 S.W. 704; Thompson v. Caldwell (Tex.Com.App.) 36 S.W.(2d) 999; Phillips Petroleum Co. v. Booles (Tex.Com.App.) 276 S.W. 667.

It is apparent that appellant, Boyd, realized this fact and only presents three assignments of error based upon alleged error of the trial court in overruling his motion for judgment on the verdict and his motion for judgment non obstante veredicto, and thus it is plain that, unless the trial judge committed fundamental error in overruling appellant's motion for judgment, the judgment of the trial court should be in all things affirmed.

Appellant's first contention is that, Boyd having made no false representations and having received no benefit from the transaction, he is not liable for the false representations made by his agent, McColl.

The jury found that McColl was the agent of Boyd and that Boyd received no benefit from the transaction such as is defined in article 4004, R.S.1925. Article 4004 reads as follows: "Actionable fraud in this State with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. Whenever a promise thus made has not been complied with by the party making it within a reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act

of God, the public enemy or by some equitable reason. All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract. All persons making the false representations or promises and all persons deriving the benefit of said fraud, shall be jointly and severally liable in actual damages, and in addition thereto, all persons wilfully making such false representations or promises or knowingly taking the advantage of said fraud shall be liable in exemplary damages to the person defrauded in such amount as shall be assessed by the jury, not to exceed double the amount of the actual damages suffered."

▮ We cannot construe the language of this article to mean that only the person actually making the false representation can be held responsible for the fraud but is intended to include the principal where an agent makes such false representations in the scope of his employment and in the furtherance of his master's business. Any other construction would permit a principal to perpetrate a fraud and escape all liability therefor unless it be shown that the transaction resulted in a benefit to him. In 2 C.J. pp. 849, 850, we find the following: "Acts of fraud by the agent, committed in the course or scope of his employment, are also binding on the principal, even though, the principal did not in fact know of or authorize the commission of the fraudulent acts, and although he derives no benefit from the success of the fraud."

In 21 R.C.L. 85, we find the rule stated thus: "For frauds and misrepresentations of his agent within the scope of the employment, the principal is liable no less than in other cases; and this although he had no knowledge thereof, and has received no benefit therefrom."

See, also, Commonwealth Bonding & Casualty Ins. Co. v. Meeks (Tex.Civ.App.) 187 S.W. 681 (writ refused); 20 Tex.Jur. p. 97, § 62.

The Legislature in enacting article 4004 did not intend to upset these well-settled rules of law, but rather intended to make the receipt of "benefit" from a fraudulent land sale an additional and independent ground of recovery. El Jardin Immigration Co. v. Karlan (Tex.Civ.App.) 245 S. W. 1043; Clem v. Fulgham (Tex.Civ.App.) 4 S.W.(2d) 280; Stowe v. Wooten (Tex. Civ.App.) 37 S.W.(2d) 1055, affirmed by the Supreme Court 62 S.W.(2d) 67.

▮ Appellant's propositions 2, 3, and 4 present, in various ways, the contention that, the jury having found that Boyd held the legal title to the land as collateral security, for a debt owed to him by McColl, and that Boyd did not receive a benefit out of a sale of the land, such as was defined in the court's charge, McColl could not be the agent of Boyd. As heretofore pointed out, a benefit to the principal is not an essential element of agency. Thus we have only the question left as to whether or not a mortgagor may be the agent of the mortgagee in the sale of the mortgaged property. We cannot here consider the question of the sufficiency of evidence to support the jury finding that McColl was the agent of Boyd, as no such question is here presented. Meyer v. Viereck (Tex.Civ.App.) 286 S.W. 894. The only question being, Is it a legal possibility for a mortgagor to become the agent of a mortgagee in the sale of the mortgaged property? There is no legal barrier to such a relation being created. No authorities are cited so holding.

The following authorities from other jurisdictions hold that such a relation may exist. National Citizens' Bank v. Ertz, 83 Minn. 12, 85 N.W. 821, 53 L.R.A. 174, 85 Am.St.Rep. 438; People's Sav. Bank v. Smith, 114 Ga. 185, 39 S.E. 920.

▮ We conclude that the court did not commit fundamental error in rendering judgment for appellees. The trial court only complied with the mandatory provisions of article 2209, R.S.1925, by rendering the judgment which he did render. Magnolia Petroleum Co. v. Beck (Tex.Civ.App.) 41 S.W.(2d) 488.

Accordingly, appellees' motion for a rehearing will be granted, our former opinion withdrawn, our former judgment set aside, and the judgment of the trial court in all things affirmed.