H. B. BOYD V. MAE N. EIKENBERRY ET AL.

No. 7228. Decided January 4, 1939.
Rehearing overruled February 15, 1939.
(122 S. W., 2d Series, 1045)

Strickland, Ewers and Wilkins, of Mission, and E. A. McDaniel, of McAllen, for plaintiff in error.

Where plaintiffs alleged that H. B. Boyd, one of the defendants, was the owner of the tract of land in controversy and that they were induced to purchase the tract of land by false representations of A. J. McColl, another defendant, acting as agent for Boyd, and sought damages therefor, and where the jury found that Boyd held such land only as collateral security for a debt which McColl owed him, and further found that Boyd derived no benefit from the sale, Boyd was entitled to recover, notwithstanding the jury found that McColl was acting as his agent, and the court should have sustained Boyd's motion for judgment, there being no evidence that he participated in the fraud. Johnson v. Hemsell, 93 S. W. (2d) 476; Bobertson v. Coates, 65 Texas 43; 41 C. J. 602.

Kelley, Looney & Norvell, of Edinburg, for defendants in error.

The jury's finding that McColl was Boyd's agent in the transaction which resulted in the sale of both Boyd's and McColl's interests in the property in question does not conflict with its finding that Boyd occupied the position of mortgagee and McColl the position of mortgagor, with reference to said land, and the trial court properly entered judgment for the plaintiffs. Stowe v. Wooten (Com. App.) 62 S. W. (2d) 67; Ormsby v. Ratcliffe (Com. App.) 36 S. W. (2d) 1006; Clem v. Fulgham (Com. App.) 14 S. W. (2d) 812.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court Mae N. Eikenberry and Eloisa LeLievre were awarded judgment against H. B. Boyd and A. J. McColl, jointly and severally, in the sum of $6773.50 as actual damages and against McColl individually in the sum of $1500.00 as exemplary damages on account of fraudulent representations found to have been made to them by McColl in connection with the sale by him to them of certain land in Hidalgo County. J. L. Erwin and A. J. McColl Land Company, a corporation, were defendants in the trial court, but a verdict was returned in their favor pursuant to a peremptory instruction. Defendants in error did not appeal from that portion of the judgment denying them recovery against Irwin and the Land Company. Neither did McColl appeal. Boyd unsuccessfully prosecuted an appeal to the Court of Civil Appeals at San Antonio. 99 S. W. (2d) 701.

The opinion of the Court of Civil Appeals sets out the findings of the jury as follows:

"1. The land in question was not first class citrus land.

"2. There was no conspiracy between Boyd and McColl.

"3. McColl was Boyd's agent in selling the land.

"4. There was no partnership between McColl and Boyd.

"5. Boyd did not receive a benefit out of a sale of the land.

"6. The reasonable market value of the land at the time of the sale, had the same been as represented, would have been $1000 per acre.

"7. The actual reasonable market value of the land at the time it was delivered to appellees was $225 per acre.

"8. McColl wilfully misrepresented the land.

"9. Appellees were entitled to $1500 exemplary damages.

"10. McColl did not honestly believe the land was good land when he sold it.

"11. Boyd held the legal title to the land as collateral security for a debt owed to him by McColl."

The particular finding upon which liability was adjudged against Boyd was that McColl was his agent in selling the land. After the verdict was returned Boyd filed in the trial court a motion for judgment thereon or, alternatively, for judgment non obstante veredicto. In his motion he prayed the court to disregard the jury's finding that McColl was acting as his agent, because the issue was not pleaded, had no support in the evidence, and because the jury's answer thereto was rendered immaterial by its answers to the other issues submitted. This motion was overruled, and the only questions presented for decision in the application relate to the action of the trial court in entering judgment against Boyd upon the verdict. Under our views, below expressed, it becomes unnecessary for us to construe Article 4004 of the Revised Statutes of 1925.

■ It was the view of the Honorable Court of Civil Appeals, as we understand its opinion, that it is a legal possibility for a mortgagor to become the agent of a mortgagee in the sale of the mortgaged property; that a principal may be bound by the fraud of his agent, even though he derives no benefit therefrom; and that, since the assignments of error presented no question for decision except the question of the character of judgment to be rendered on the verdict, it could not be held, as a matter of law, that the finding of agency either conflicted with, or was rendered immaterial by the other findings. Two cases from other jurisdictions were cited on the proposition that a mortgagor may become the agent of a mortgagee in the sale of the mortgaged property. National Citizens' Bank v. Ertz, 83 Minn. 12, 85 N. W. 821, 53 L. R. A. 174, 85 Am. St. Rep., 438; People's Savings Bank v. Smith, 114 Ga. 185, 39 S. E. 920. The Minnesota case did hold a mortgagee bound by the fraud of a mortgagor in the sale of the mortgaged property on the doctrine of agency, but placed its holding upon the ground that the mortgagee himself had the right to sell it, and could, therefore, employ another, even the mortgagor, to sell it for him. Whether or not we would reach the same conclusions upon corresponding facts we need not consider. In this State under the finding that Boyd held the legal title as security for a debt owed to him by McColl he, Boyd, did not have the legal right to sell the land. Doubtless an innocent purchaser from him would have been protected, but, as between him and McColl, the true owner, Boyd did not have the right to sell it. It is doubtless true that Boyd could have appointed an agent to

sell whatever interest, if any, he had in the land. He could have appointed an agent to sell his mortgage. We know of no principal of law which would preclude McColl from becoming such agent, but liability upon that theory was neither pleaded nor submitted to the jury.

The petition did allege that McColl was Boyd's agent, but such allegations, when considered in their settings, related either to the plea of conspiracy, found by the jury not to exist, to the plea of partnership, likewise found by the jury not to exist, or to the theory, rejected by the jury, that Boyd was the owner of the land. We have decided that the case must be retried for the reason hereinafter assigned, and, since the pleadings will doubtless be recast before another trial, a fuller discussion thereof is not deemed advisable.

■ The issue submitted to the jury was not whether McColl was Boyd's agent in the sale of the latter's mortgage or other interest, if any he had, in the land, but was whether he was his agent in selling the land. To guide the jury in answering that issue the charge contained this definition of an agent:

"You are instructed that an agent is one who undertakes to transact some business, or to manage some affair for another, by the authority and on account of the latter, and to render an account of it."

That definition is in substantially the same language as the one approved in Reed v. Hester (Com. App.) 44 S. W. (2d) 1107. Other definitions embodying the same essential elements have been approved by this Court. In Thompson v. Schmitt, 115 Texas 53, 274 S. W. 554, this definition was given:

"One who acts in my behalf, for my advantage, by my authority, is my agent."

In selling his own land McColl could not have been acting by Boyd's authority, for Boyd had no authority to sell it himself and could not, therefore, authorize another to do so. Neither was he acting in Boyd's behalf, and for his benefit. He was acting in his own behalf and for his own benefit. On the issue of fact as to who owned the land the jury found that Boyd did not own it. It could with reason be concluded that, in the light of that finding, the further finding of agency was but an erroneous finding of law, which should have been disregarded in rendering judgment; but since it was a fact issue as to who owned the land, it seems to us that the better reasoning leads to the conclusion that the two findings conflict to such an extent that it is impossible to determine just

what the jury did find. The verdict affords no sure basis upon which a judgment for either party may rest. The finding that McColl acted by authority of, and was accountable to Boyd is a finding that he sold Boyd's property and cannot be reconciled with the finding that Boyd did not own it.

Those portions of the judgment of the trial court denying defendants in error any recovery against Erwin and A. J. McColl Land Company and awarding them a recovery against McColl will not be disturbed. The judgment of the Court of Civil Appeals and that portion of the judgment of the trial court which awarded recovery against Boyd will be reversed and the cause, as between defendants in error and Boyd, will be remanded.

Opinion adopted by the Supreme Court January 4, 1939.

Rehearing overruled February 15, 1939.