**BUCYRUS–ERIE CO. et al. v. SMITH et al.**

No. 2512.

Court of Civil Appeals of Texas. Waco.

Dec. 17, 1942.

Rehearing Denied Feb. 25, 1943.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, Scott & Wilson, of Waco, Roger Sherman Hoar, of South Milwaukee, Wis., and Harold A. Bateman, of Dallas, for appellants.

Fitzpatrick & Dunnam, of Waco, for appellee.

HALE, Justice.

This is an appeal from an order overruling two pleas of privilege. Appellees, T. D. Smith and W. C. Smith as co-partners, instituted the suit in the District Court of McLennan County against one G. W. Hastings and appellants, Bucyrus-Erie Company, a foreign corporation, and its alleged agent E. B. Chambers, seeking (1) to rescind and cancel a written contract of purchase and sale covering a used Bucyrus-Erie dragline and shovel, to recover the amount of money paid to appellants and the value of the property delivered to Hastings under the contract, and in the alternative (2) to recover damages resulting from the transaction complained of. The right of action was grounded upon extensive allegations of fraud in the procurement of the contract and a breach of certain warranties therein contained, which allegations, if true, entitled appellees to relief.

Appellants answered the suit with separate pleas of privilege, each asserting the right to be sued, if at all, in Dallas County. Appellees duly controverted each of the pleas, making their original petition a part of each controverting affidavit, and thereby alleged facts fully and in detail which, if true, showed that venue to try the asserted cause of action against all of the parties sued was properly laid in McLennan County under certain exceptions contained in Article 1995 of Vernon's Annotated Civil Statutes. They expressly invoked the provisions embraced in subdivisions 7 and 27 of the venue statute. After hearing without a jury on the issues thus joined, the court overruled both pleas of privilege and hence this appeal.

Appellants contend that the competent evidence adduced upon the hearing was insufficient as a matter of law to establish the existence of the essential venue facts under any of the applicable exceptions. In passing upon such contention, it is the duty of this court to view the evidence and all reasonable inferences that may be drawn therefrom in the most favorable light from the standpoint of appellees. Besteiro v. Besteiro, Tex.Com. App., 65 S.W.2d 759, point 5. Further-

more, in the absence of any express findings of fact or request therefor, we must presume that the trial court resolved every issuable fact in support of the judgment appealed from. Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963, point 1.

The testimony of T. D. Smith tends to show that Hastings represented to him that he, Hastings, was the owner of the machinery in controversy and that the Company held a mortgage on the same securing the payment of a debt which Hastings was unable to pay; that thereafter Hastings and Chambers called on the witness in McLennan County and the three discussed the matter of entering into a written contract for the purchase of the machinery; that in the course of the conversation Hastings and Chambers represented to witness that the machinery was in working condition, that it was working every day, that it had just finished a job at Valley Mills and had been moved to Falls County, where it was then working, and they thought it would give appellee service; and that witness relied upon such representations in executing the contract and notes hereinafter referred to.

The contract consisted in part of a written proposal signed by Chambers on behalf of the Company as seller, written acceptance thereof signed by appellees as purchasers, and final approval by the Company acting through its treasurer. The proposal provided, among other things, that the purchase price of the machinery was $2300, of which amount the sum of $250 was paid by the purchasers in cash and the balance thereof evidenced by a series of notes payable to the Company. The proposal further provided: "We warrant all repair and replacement parts and units now or hereafter furnished by us therefor, to be built of sound, high-grade material throughout and in a workmanlike manner; and, under normal use and proper attention, to operate properly * * *. We are to have a reasonable length of time after recognition of claim, in which to remedy any proved defect or replace any part proved to be defective or to require change * * *."

T. D. Smith further testified that he signed the acceptance of the proposal in McLennan County, paid the $250 and executed and delivered to Chambers the notes described in the contract, then took possession of the machinery and attempted to use it but found it would not operate because "it was just completely worn out"; that he contacted Chambers, who came to Waco with a factory service man, at which time a complete check-up was made on the machinery and he was later advised by a representative of the Company that the cost of the parts necessary to put the machinery in working condition would be $2741 and the cost of labor incident to installing the parts would be approximately $500; and that the Company had never made any repairs on the machinery and he had never been able to use the same.

We cannot say the evidence in this case was insufficient as a matter of law to raise any of the essential venue facts under the applicable exceptions to the venue statute. If in fact Hastings and Chambers, while the latter was acting in the scope of his authority as agent for Bucyrus-Erie Company, jointly made false representations to appellees in McLennan County as to the working condition of the machinery in question, if the material representations thus made were relied upon and believed to be true, and if such representations induced the execution of the contract of purchase and sale, all as fully pleaded, then, in our opinion, under such facts appellees clearly discharged the burden resting upon them to show that their case came within the meaning of subdivision 7 of the venue statute. Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873; Huffmaster v. Toland, Tex. Civ.App., 250 S.W. 468; Martin v. Neyland, Tex.Civ.App., 105 S.W.2d 758; 10 Tex.Jur. p. 63 et seq.

Appellants insist that the testimony of T. D. Smith was insufficient to form the basis for a legal inference that Chambers made any false representation concerning the machine. After testifying on direct examination that in the course of his conversation with Hastings and Chambers "they" told him the machinery was in working condition, Smith testified on cross-examination that the only thing Chambers told him about the machine was that he thought it would give service. Although the evidence does not show the specific arrangement between Hastings and Bucyrus-Erie Company concerning the sale from the latter to appellees, we think it is readily apparent that both Hastings and Bucyrus-Erie Company had a direct interest in the negotiation of the contract which is now sought to be rescinded. As we view the record, it is immaterial

for the purpose of this proceeding whether the inducing representations, if any, with respect thereto were made by Hastings or by Chambers or by both of them. Even though Chambers did not make any representations, and even though he did not know the representations made by Hastings were false at the time when they were made, yet if he and his principal later discovered that the contract had been negotiated for their benefit through the fraud and deceit of Hastings, they then became bound in equity either to repudiate the contract in toto or ratify the conduct of Hastings in its procurement. Farmers' State Bank v. Jameson, Tex.Com.App., 16 S.W. 2d 526; Boyd v. Eikenberry, Tex.Civ.App., 99 S.W.2d 701.

Appellants further contend that the trial court erred in permitting T. D. Smith to testify over their timely objection to the conversation between him, Hastings and Chambers, because such oral testimony tended to vary, enlarge or contradict the terms of the written instrument. We cannot sustain this contention. While parol evidence is incompetent and inadmissible for the purpose of varying the terms of a written contract, such evidence is admissible for the purpose of showing that the execution of a contract as written was induced by fraudulent representations. King v. Wise, Tex.Com.App., 282 S.W. 570; Grimsley v. Life Ins. Co. of Virginia, error refused, Tex.Civ.App., 154 S.W.2d 196, point 10. In fact, we cannot say that the verbal representations testified to tended to vary, enlarge or contradict to any material degree the substance of the warranty contained in the written contract.

But if the testimony complained of was improperly admitted, and if the competent evidence was insufficient to render appellants liable for actionable fraud, we are of the opinion that at least a part of the alternative cause of action against Bucyrus-Erie Company for damages on account of its breach, if any, of the contract warranty, accrued in McLennan County, with the result that venue was properly laid in McLennan County against the Company under the provisions of exception 27 of the venue statute. United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099, point 13; Id., 130 Tex. 126, 108 S.W.2d 432.

It follows from what we have said that all of appellants' assignments are over-

ruled and the judgment appealed from is affirmed.

On Appellants' Motion for Rehearing.

TIREY, Justice (dissenting).

I cannot agree with the majority opinion wherein they overrule the plea of privilege of defendant E. B. Chambers. My view of the record is that it is without dispute that Chambers was the agent of Bucyrus-Erie Company and that he acted in the capacity of agent only for said Company, and that plaintiffs knew that Chambers was acting in such capacity only for said Company and they acquitted him of fraud. Since Chambers was not guilty of any fraudulent representations, and since it is without dispute that he was a citizen of Dallas County, Texas, and since he did perfect his appeal from the order overruling his plea of privilege, although it was a joint appeal with defendant Bucyrus-Erie Company, I think he was entitled to have his plea of privilege sustained. Stout v. Oliveira, Tex.Civ.App.. 153 S.W.2d 590, points 1-2, 3-4, at page 594, refused WOM. A plea of privilege cannot be overruled upon "an exception not invoked, or upon a venue fact not alleged as such, in the controverting affidavit." Victoria Bank & Trust Co. v. Monteith, Tex.Com.App., 158 S.W.2d 63, point 3, at page 66. Otherwise I concur with the majority opinion.