By bill of exception No. 5 appellant, among other things, complains of the following testimony given by Mr. Cartilidge, to-wit: "Mr. Rich told me over in Llano County, Texas, that he had bought this whiskey from Delma Grumbles in San Saba County, Texas."

The objection urged against this testimony was that it was no part of the res gestae; that it was hearsay and was out of the presence and hearing of the defendant. Obviously this was hearsay and should have been excluded.

Appellant also contends that Rich, who purchased the whisky from appellant, and Russell, who was present when the sale was made by appellant to Rich, were accomplices and that a conviction could not be had on their testimony alone. In a prosecution for a violation of the liquor law a conviction may be had on the uncorroborated testimony of an accomplice. See Benjamin v. State, 138 Tex.Cr.R. 90, 134 S.W.2d 678.

Bills of exception Nos. 6 and 7 are without merit, and we see no need of discussing the same.

The matter complained of in bill of exception No. 8 was definitely decided adversely to the appellant in the case of Benjamin v. State, supra.

For the error herein pointed out the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

GIBBS v. STATE.

No. 22444.

Court of Criminal Appeals of Texas.

March 24, 1943.

Jerome Canessa, of Houston, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was tried in the county court for the offense of negligent homicide, and assessed a fine of $200.

There is no final judgment found in the record, and no notice of appeal to this court. This is fatal to the appeal. See Branch's Ann.Penal Code, p. 302.

The appeal is dismissed.

WINK v. WINK.

No. 11512.

Court of Civil Appeals of Texas. Galveston.

March 11, 1943.

Rehearing Denied April 1, 1943.

Hoyo, Sharpe & Williams, John C. Hoyo, and Eugene C. Williams, all of San Antonio, for appellant.

Hollis Massey, of Columbus, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Mrs. Grace Wink, for the recovery from appellant, Mrs. Minnie Wink, of the sum of $2,000, and for the establishment of an equitable trust upon certain real property of appellant located in the town of Columbus, Texas, and for a foreclosure of an equitable lien against said property.

Appellant in her answer admitted that she had received the sum of $2,000 from appellee, but contended that the advancement was made to her by appellee as an unconditional executed gift.

In a trial before the court judgment was rendered in favor of appellee and against appellant for the recovery of the sum of $2,000 and interest thereon, and for the establishment of a constructive trust upon said real property and the foreclosure of an equitable lien thereon.

Appellant was the wife of appellee's son, Harold G. Wink, who died as the result of accidental injuries received on March 15, 1942. On April 4, 1942, at the solicitation of appellant's brother, Owen Mehrens, appellee advanced to appellant the sum of $2,000 by depositing that sum to her credit in a bank at Columbus, Texas. The $2,000 deposited was a part of the proceeds of a payment to appellee, as beneficiary therein, of an insurance policy on the life of Harold G. Wink. At the time said advancement was made to appellant, appellee was not told by either appellant or Owen Mehrens that appellant had applied

for the proceeds of a workman's compensation insurance policy due her as the surviving widow of Harold G. Wink, deceased, amounting to $5,921.51, which was paid to her shortly thereafter. The $2,000 in question was commingled with other funds in said bank belonging to appellant. Appellant testified that she had spent certain funds, something "less than $1,000.00", from this account in the purchase of a lot in the town of Columbus, Texas, from a Mr. Tate. There was no other evidence in the record in any way connecting the particular property on which appellee sought to establish an equitable constructive trust, and upon which a lien was established and ordered foreclosed in the trial court's judgment, with the lot paid for by appellant with funds from that account.

Appellee sought recovery on the alleged grounds that she was induced to advance the sum of $2,000 to appellant by the fraudulent representations and concealments of Owen Mehrens, who was alleged to have been acting for and in behalf of his sister, in that he represented to her that appellant was in need of funds for the purpose of defraying her ordinary expenses and for the purchase of a lot on which she contemplated erecting a house, and that, if appellee did not advance these funds to appellant, he would have to mortgage his automobile to procure these funds for appellant, and in that he fraudulently concealed from her the fact that appellant, within a short time thereafter, would receive the sum of $5,921.51 under said workman's compensation insurance policy.

■ No findings of fact or conclusions of law were filed by the trial court, and there is no showing of a request by either party therefor, therefore we must presume that the trial court found every issuable fact raised by the pleadings and tendered by the evidence in support of the judgment. Further, we must assume, under this state of the record, that there was sufficient evidence to support every fact essential to sustain the judgment, unless the contrary is made to appear. Miller et al. v. State et al., Tex.Civ.App., 155 S.W. 2d 1012, writ of error refused, and cases there cited.

■ The fact of agency may be established by circumstantial evidence, and proof may be made of all the facts and circumstances that show the relations of the parties and throw light upon the character of such relations. 2 Texas Jurisprudence, p. 506, par. 109.

■ Further, it has been uniformly held in this state that an agency may be implied from acquiescence, and that if a person holds out another as his agent in a certain manner, or has knowingly permitted him to act as such agent, the authority of the agent to act will be presumed in so far as the right of third persons is concerned. Texas Jurisprudence, vol. 2, p. 400.

■ ·It is further held that acts of fraud by an agent committed within the scope of his employment are also binding on the principal, even though the principal did not in fact know of or authorize the commission of the fraudulent acts, and although he derives no benefit from the success of the fraud. 2 Corpus Juris, pp. 849–850; 3 C.J.S., Agency, § 257.

The rule is thus stated: "For frauds and misrepresentations of his agent within the scope of the employment, the principal is liable no less than in other cases, and this although he had no knowledge thereof, and has received no benefit therefrom." Boyd v. Eikenberry, Tex.Civ.App., 99 S.W.2d 701, 703, modified by the Commission of Appeals, 132 Tex. 408, 122 S.W.2d 1045; 21 R.C.L., 85. See also Commonwealth Bonding & Casualty Ins. Co. v. Meeks, Tex.Civ.App., 187 S.W. 681, writ refused; 20 Tex.Jur. p. 97, § 62.

Appellant in her testimony admitted that she had asked Owen Mehrens to assist her in purchasing the property on which a trust was sought to be established, and that he was looking after her business affairs for her.

Under the rule above stated, the judgment of the trial court, read in the light of the testimony adduced, must be construed as an affirmative finding by the trial court in support of his judgment that Owen Mehrens, acting as an agent and representative of appellant, had fraudulently represented to appellee that appellant was in need of funds with which to defray her ordinary living expenses, and to purchase the property in question, and that he would be forced, in the event appellee did not advance such funds to appellant, to mortgage his automobile to provide her with necessary funds, and that he was guilty of fraud in stating to appellee that appellant was in need of funds and in concealing from her the fact that appellant would shortly receive the sum of $5,921.51 from

the proceeds of the collection of said workman's compensation insurance policy.

Under above findings the court was, we think, justified in rendering judgment against appellant in favor of appellee for the sum of $2,000, with interest thereon. We do not think, however, that the record in this case justifies the rendition of that portion of the trial court's judgment wherein a constructive trust is established on the property described in appellee's pleadings and a foreclosure of an equitable lien thereon is ordered, for the reason that there is no evidence in the record connecting the property purchased by appellant with the property described in appellee's petition, nor is there a showing in the record as to the amount of funds invested therein by appellant.

Judgment of the trial court affirmed, except that portion thereof wherein a constructive trust is established on certain property located in Columbus, Texas, and a lien thereon is ordered foreclosed. The cause is remanded to the trial court for a determination of these issues.

Affirmed in part and in part reversed and remanded, with instructions.